IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| CARLOS URIEL GOMEZ AND ANA MARIA RODRIGUEZ | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:23-cv-19 |
| v. | § | |
| HOMESITE INSURANCE COMPANY | § § | On removal from the County Court at Law of Val Verde County, |
| Defendant. | § | Cause No. 23-003 |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Homesite Insurance Company ("Homesite"), files this Notice of Removal of this action from the County Court at Law of Val Verde County, Texas, to the United States District Court for the Western District of Texas, Del Rio Division.[1] In support of this removal, Homesite states as follows:

### INTRODUCTION

1. Homesite issued a Texas Homeowners' Insurance Policy to Ana Maria Rodriguez and Carlos Uriel Gomez ("Plaintiffs"). (EXHIBIT B). Plaintiffs own the insured property, located at 233 Park Avenue, Del Rio, Texas 78840 ("the Property"). *Id*. Plaintiffs alleged damage to the Property due to a wind/hailstorm around April 28, 2021. *Id*. Plaintiffs allege that they submitted a claim to Homesite against the policy for damages to the Property as a result of the storm. *Id*. Plaintiffs now contend that Homesite has failed to pay out policy proceeds, and as a result, Homesite has breached the insurance agreement, violated provisions of the Texas Insurance Code, breached the common law duty of good faith and fair dealing, conspired to commit fraud, and

---

[1] Homesite files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Homesite in this matter. *See, e.g.*, *Alliantgroup, L.P. v. Feingold*, No. H-09-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

1

committed common law fraud. *Id*. Plaintiffs contend that under the Policy, they are entitled to insurance proceeds less than $250,000, in addition to treble damages, exemplary damages, pre-judgment interest, prompt payment penalties, attorneys' fees, and court costs. *Id*. Plaintiffs filed suit in Val Verde County, Texas state court against Homesite seeking to recover these amounts under Cause No. 23-003, styled *Carlos Uriel Gomez & Ana Maria Rodriguez v. Homesite Insurance Company*. *Id*. Plaintiffs served Homesite's registered agent with the petition on or about February 28, 2023. *Id*. On March 13, 2023, Homesite filed an answer and jury demand in state court. (EXHIBIT C).

2. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiffs reside in Val Verde County, Texas, rendering them citizens of the State of Texas, while Homesite is a citizen of the State of Wisconsin. (EXHIBITS B, D & E). Therefore, Plaintiffs are diverse in citizenship from Homesite.

3. Regarding the amount in controversy, Plaintiffs' petition seeks to recover less than $250,000.00. Plaintiffs' pre-suit demand cited actual damages of $78,251.91, plus mental anguish, prompt payment penalties, pre-judgment interest, and attorneys' fees. (EXHIBIT F). Plaintiffs' revised pre-suit demand cites actual damages of $36,560.27, as well as treble damages up to three times the actual damages alleged to be owed by Homesite. (EXHIBIT G). As such, the amount in controversy exceeds $75,000.00, as explained in more detail below.

**BASIS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiffs and Homesite, and the amount in controversy exceeds the sum $75,000.00, exclusive of interest and costs.

A.     **Complete Diversity of Citizenship Exists.**

5.     In their petition, Plaintiffs allege that they are residents of Val Verde County, Texas. (EXHIBIT B). Plaintiffs concede that Homesite is a foreign insurance company. *Id*. Homesite is a Wisconsin company authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Wisconsin pursuant to 28 U.S.C. § 1332 (c)(1). (EXHIBITS D & E). Homesite's principal place of business is in Boston, Massachusetts. *Id*.

B.     **Amount in Controversy is Satisfied.**

6.     Plaintiffs' Original Petition seek to recover less than $250,000.00. (EXHIBIT B). Plaintiffs' petition also alleges actual damages, treble damages up to three times the actual damages, mental anguish damages, court costs, attorneys' fees, prompt payment penalties, compensatory damages for economic hardship and emotional distress, and exemplary damages for fraud. *Id*. In the event a jury grants Plaintiffs the relief they are seeking (i.e., $36,560.27 in actual damages, plus treble damages three times this amount, exemplary damages, court costs, interest penalty, and attorneys' fees), the amount in controversy will exceed $75,000.

C.     **All Other Requirements for Removal Have Been Satisfied.**

7.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of the date on which Homesite was served with the petition. (EXHIBIT B). Through the filing of this Notice of Removal, Homesite expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient services of process. *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

8.     Homesite has sought no similar relief with respect to this matter.

9. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the County Clerk of Val Verde County, Texas.

12. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

13. In accordance with 28 U.S.C. § 1446, Homesite attaches the following documents as exhibits:

　　i. Civil Cover Sheet;

　　ii. Index of Matters Being Filed (EXHIBIT A);

　　iii. Citation of Service on Homesite and Plaintiffs' Original Petition (EXHIBIT B);

　　iv. Homesite's Original Answer and Jury Demand (EXHIBIT C);

　　v. Company Summary from the National Association of Insurance Commissioners (EXHIBIT D);

　　vi. Financial Examination Report from the Wisconsin Commissioner of Insurance (EXHIBIT E);

　　vii. Plaintiffs' Pre-suit Demand Letter and Estimate of Damages (EXHIBIT F);

　　viii. Plaintiffs' Revised Pre-suit Demand Letter (EXHIBIT G);

　　ix. List of counsel of record and parties represented (EXHIBIT H) (there have been no orders signed by the state court judge).

14. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Western District of Texas, and this cause is removable to the United States District Court for the Western District of Texas.

15. The undersigned represents Homesite in this matter.

16. If any questions arise with regard to the propriety of the removal of this action, Homesite requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Respectfully submitted,

**THE HUDGINS LAW FIRM, P.C.**

By:   /s/ *Steven F. Hudgins*
Steven F. Hudgins
Attorney in Charge
State Bar Number 00793993
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile (713) 623-2793
shudgins@hudgins-law.com

**ATTORNEYS FOR DEFENDANT,
HOMESITE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Western District of Texas, I certify that service of Defendant's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on March 29, 2023.

                                                     s/ *Steven F. Hudgins*
                                                     Steven F. Hudgins